UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ERNEST R.,

                                   **Plaintiff,**

   v.                                                         5:22-cv-00912

COMMISSIONER OF SOCIAL SECURITY,

                                 **Defendant.**
_____

**Brenda K. Sannes,**
**Chief United States District Judge**[1]

## DECISION & ORDER

Petitioner Howard D. Olinsky, Esq. ("Petitioner"), attorney for Plaintiff Ernest R. ("Plaintiff"),[2] moves this Court pursuant to Social Security Act § 206(b)(1) and 42 U.S.C. § 406(b)(1) for an award of attorney's fees based on the contingency fee agreement between Plaintiff and Petitioner. Dkt. No 16-1. Petitioner seeks attorney's fees in the amount of $10,975.50 under 42 U.S.C. § 406(b), which is 25% of the total of Plaintiff's past-due benefits. *See id.* Defendant Commissioner of Social Security "neither supports nor opposes counsel's request for attorney's fees in the amount of $10,975.50, under 42 U.S.C. § 406(b)." Dkt. No. 17. Rather, "[t]he Commissioner requests that the Court order indicate the amount of any § 406(b) award it authorizes but decline to include language directing that the Commissioner 'pay' the award. Alternatively, the

---

[1] This case was originally assigned to the Hon. Thomas J McAvoy, and has been reassigned to the undersigned.
[2] In accordance with guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, which was adopted by the Northern District of New York in 2018 to better protect personal and medical information of non-governmental parties, this Decision and Order will identify Plaintiff by first name and last initial.

1

Commissioner requests that the Court specifically indicate that any amount it authorizes in § 406(b) fees is to be paid out of Plaintiff's past-due benefits in accordance with agency policy." *Id.*

## Discussion

Petitioner represented Plaintiff in a civil action before this Court for judicial review of the Commissioner's decision denying Plaintiff's application for Supplemental Security Income. Olinsky Affirm., Dkt. No. 16-1, ¶ 1. On November 23, 2022, the Court remanded the matter to the Social Security Administration for further proceedings. Dkt. No. 11. This remand resulted in a finding establishing Plaintiff is disabled and therefore eligible for benefits. Olinsky Affirm., ¶ 9. Total past-due benefits for Plaintiff were $43,902.00 based on the February 27, 2024 SSI Notice of Award for August 2019 through February 2024, received by mail on March 4, 2024. *Id.* ¶ 4.

Petitioner and Plaintiff previously entered into a contingency fee agreement which stated that the attorney shall charge and receive as the fee an amount equal to twenty-five percent of the past due benefits awarded to Plaintiff and his family if he won his case. *Id.* ¶ 3. Petitioner's fee agreement was not approved by the Social Security Administration. *Id.* ¶ 6.

Petitioner timely moved this Court for attorney's fees under Social Security Act § 206(b)(1) and 42 U.S.C. § 406(b)(1). *Id.* ¶ 4. Under 42 U.S.C. § 406(b), this Court may award "a reasonable fee not in excess of 25 percent of… past-due benefits" awarded to the claimant. 42 U.S.C. § 406(b)(1)(A). One-fourth of the past-due benefits for Plaintiff is $10,975.50.

On March 15, 2023, an order awarding $1,024.86 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) was issued. Dkt. No. 15. Petitioner recognizes that should the Court award § 406(b) fees in excess of the EAJA award, Plaintiff must be refunded the approved attorney fees in the amount of $1,024.86 awarded under the EAJA. Olinsky Affirm., ¶ 8.

Petitioner indicates that he has not represented Plaintiff in any other claim aside from that under the Social Security Act regarding his disability. *Id.* ¶ 9. Petitioner represents that Plaintiff's attorneys and paralegals logged 7.2 hours representing Plaintiff before this court. *Id.* ¶ 10. The effective hourly attorney rate is $1,524.38. *Id.* Petitioner contends that this hourly rate is reasonable under prevailing law. *Id.* (citing *Fields v. Kijakazi*, 24 F.4th 845, 853 (2d Cir. 2022)). Petitioner further contends that given the contingent nature of the representation, the contract between Plaintiff and his attorney, and the absence of any reasons the award would be unjust,[3] the requested fee is not a windfall. *Id.* ¶ 12. The Court agrees with this last proposition.

## Conclusion

Accordingly, for the reasons stated above, and given the absence of objections to the requested fee by the Commissioner, Petitioner Howard D. Olinsky, Esq., is awarded attorney's fees of $10,975.50 pursuant to 42 U.S.C. § 406(b)(1) to be paid out of Plaintiff's past-due benefits in accordance with agency policy. Upon receipt of payment,

---

[3] Petitioner represents that "Plaintiff will receive a copy of Petitioner's motion and memorandum regarding the request for attorney's fees under Social Security Act § 206(b)(1) and 42 U.S.C. § 406(b)(1)." Olinsky Affirm., ¶ 13.

Mr. Olinsky shall refund the EAJA award of $1,024.86 to Plaintiff.

**IT IS SO ORDERED**.

Dated: <u>October 24, 2024</u>

Brenda K. Sannes
Chief U.S. District Judge